JS 44
Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

### (a) PLAINTIFFS
Fonda Duse

### DEFENDANTS
Center Operating Company, L.P.

FILED MAY 1 5

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ms. Katrina Patrick
Attorney at Law
5177 Richmond Ave., Suite 1275
Houston, Texas 77056
713 796-8218

ATTORNEYS (IF KNOWN)

**3-02CV 1023H**

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff was subjected to race & sex discrimination in violation of Title VII & §1981 as well as common law torts.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE 5/10/02

SIGNATURE OF ATTORNEY OF RECORD
/s/ Katrina Patrick

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FONDA DUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | C. A. No. _____ |
| v. | § | |
| | § | 3-02CV 1023 H |
| CENTER OPERATING COMPANY, L.P. | § | |
| | § | (Jury Trial Demanded) |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, FONDA DUSE, complaining of Defendant, CENTER OPERATING COMPANY, L.P. ("Defendant") and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, its related anti-retaliation regulations, and common law causes of action as pled below.

2. FONDA DUSE ("Plaintiff") is an individual who resides in Harris County, Texas. Plaintiff, black female, is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statute. Defendant is a corporation with corporate offices located in Dallas, Dallas County, Texas. Defendant is now conducting

    business (and has continuously been conducting business) in the State of Texas. Defendant has continuously had more than 15 employees at all times relevant to these causes of action. Defendant may be served with process by serving its registered agent, Brad Mayne, 1845 Woodall Rodgers Freeway, Suite 1700, Dallas, Texas 75201.

3.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

4.   The unlawful employment practices asserted in this complaint herein wholly or partly arose in the Northern District of Texas, Dallas Division. Venue is appropriate in this Court.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.   Plaintiff Fonda Duse filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission on or about May 1, 2001. A copy of the charge is attached hereto as Exhibit "A" and incorporated by reference. In that Charge, No. 310 A1 1934, Plaintiff asserted that she was discriminated against because of her race (African-American) and gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and was retaliated against because she engaged in protected activity contrary to Title VII's anti-retaliation provisions.

6.   The U. S. Equal Employment Opportunity Commission issued a Right to Sue Notice authorizing this lawsuit. A copy of the Right to Sue Notice is attached hereto as Exhibit "B" and is incorporated herein by reference. Plaintiff has exhausted her administrative remedies

and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

7. Fonda Duse began her employment with Defendant on or about December 4, 2000 as a Human Resources Generalist. During those relevant dates made the basis of this suit, she worked under the supervision of Colette Vallot.

8. Plaintiff was subjected to a racially hostile and offensive work environment, which consisted of unfavorable, differential treatment of African-American employees compared to their Anglo-American counterparts.

9. Plaintiff and other African-American employees informed management that they were not treated the same as other Anglo-American coworkers.

10. Specifically, Plaintiff and other African-American employees voiced opposition to management of selective policy enforcement (ie. pay and benefits) which favored Anglo-American employees over African-American employees.

11. Plaintiff was subjected to a hostile and offensive work environment, which consisted of constant humiliation, stereotyping, and differential treatment lodged because of sex -- female.

12. Specifically, Plaintiff was subjected to several instances of lewd gestures and comments of a sexual nature. When Plaintiff protested such sexual misconduct, she was then ostracized and mistreated.

13. On March 4, 2001, Plaintiff made a written complaint to Executive Vice President Craig Courson regarding such discriminatory treatment and selective enforcement of company policies.

14. Consequently, Plaintiff was terminated on March 8, 2001.

15. The effect of the practices complained of in paragraphs 7-15, above, has been to deprive Plaintiff and other African-Americans and women of equal employment opportunities, to punish those persons who oppose such illegal violations, and otherwise adversely affect their status as employees, because of their race and sex.

## IV.
## CAUSES OF ACTION

**A.   Race Discrimination**

16. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 7 through 15 and incorporate the same herein as though fully set forth.

17. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

19. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers as described in paragraphs 7 through 15.

20. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions or decisions including, but not limited to her termination.

21. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

22. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

**B. Sex Discrimination**

23. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 7 through 15 and incorporates the same herein as though fully set forth.

24. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful sex discrimination by subjecting Plaintiff to differential treatment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended.

25. The above-described discrimination based on sex created an intimidating, oppressive, hostile and overtly offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

26. Defendant, at all times relevant hereto had actual and constructive knowledge of the conduct described in the paragraphs above in large part because of the extraordinary efforts to inform management and oppose such illegal behavior and because of the open and obvious nature of the misconduct.

27. As a result of the hostile and offensive work environment perpetrated by Defendant, through its agents, supervisors, or employees and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered severe emotional distress and physical injury.

28. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions as described in the paragraphs above.

29. Defendant failed to comply with its statutory duty to promptly take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

30. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has

thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

32. The unlawful employment practices of which Plaintiff complains in the preceding paragraphs were intentional.

**C. Section 1981 Violation**

33. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 15 and incorporate the same herein as though fully set forth.

34. Defendant, through its agents, supervisors, or employees, violated Plaintiff's civil rights in violation of 42 U.S.C. 1981, by intentionally interfering with Plaintiff's performance of her employment because of her race.

35. This intentional interference consisted of discrimination of a continuous nature until Plaintiff was forced to resign.

36. Defendant, through its agents, supervisors, or employees, discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

37. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

**D. Retaliation**

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 7 through 15 and incorporates the same by reference as though fully set forth herein.

39. After complaining to management of maltreatment of employees, including herself, based on race and sex, Plaintiff was subsequently and repeatedly harangued and ultimately terminated.

40. As herein alleged, Defendant illegally retaliated against Plaintiff by subjecting Plaintiff to unjust harassment solely because she opposed the race and sex-based maltreatment of herself and other employees to management. Defendant had no legitimate business reasons for any of such acts. Each act of retaliation is in violation of Title VII and Section 1981 provisions.

41. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

42. The above-described acts on Defendant's part were undertaken in violation of Title VII, Section 1981 and proximately caused Plaintiff substantial injuries and damages.

F. **Negligent Retention And Negligent Supervision**

43. Plaintiff repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 15 and incorporates the same herein as though fully set forth.

44. Defendant breached its duty of reasonable care with regard to retaining agents, supervisors, or employees in positions where such agents, supervisors, or employees violate federal law, particularly Title VII and its related regulations prohibiting discrimination, retaliation and the common law causes of action pled herein.

45. Beginning early on and continuing thereafter, Defendant knew, or reasonably should have

known, that it engaged in the unlawful behavior described herein above.

46. A number of lawsuits and charges of discrimination have been filed involving the same or similar management personnel and circumstances.

47. At all times material herein, Defendant knew, or reasonably should have known, that the conduct, acts, and omissions of all supervisors, agents and/or employees as described herein above violated Plaintiff's rights under federal, state and/or municipal statutes, codes and ordinances.

48. At all times material herein, Defendant knew, or reasonably should have known, that the incidents, conduct, acts, and omissions described herein above, would and did proximately result in personal injury and emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, fright and humiliation.

49. At all times material herein Defendant knew, or in the exercise of reasonable care should have known, that unless Defendant intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions, of all supervisors, agents or employees as alleged herein above, said conduct, acts, and omissions would continue, thereby subjecting Plaintiff to further personal injury and emotional distress.

50. Defendant knew, or in the exercise of reasonable care should have known, that unless Defendant intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions as described herein, Defendant's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct,

acts, and omissions.

51. At all times material herein, Defendant had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all supervisors, agents or employees as described herein above.

52. Despite said knowledge, power, and duty, Defendant negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and omissions, or to otherwise protect Plaintiff.

53. As a direct and proximate result of the failure of Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions of all supervisors, agents or employees as alleged herein above, said conduct, acts, and omissions were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and omissions.

54. At all times material herein, the failure of Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and omissions of all supervisors, agents or employees violated Plaintiff's rights under federal, state, and municipal statutes, codes and ordinances.

55. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

56. It was at all times relevant and remains foreseeable that such agent, representative and/or

employee of Defendant would be in a position to discriminate against and otherwise cause injury to persons in various employment positions, particularly persons such as Plaintiff, who is a member of a class intended to be protected by federal law. Therein, Defendant breached its duty of care when retaining such managers, and is directly liable for its own negligence in retaining unfit or incompetent supervisors and employees.

## V.
## JURY DEMAND

57. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

58. Defendant's conduct constitutes violations of statutory and common law. That unlawful conduct seriously affected Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

59. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action. Plaintiff has agreed to pay the attorney reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should same become necessary.

60. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs; and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

61. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.

## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights.

b. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

DATED: May 10, 2002.

                        Respectfully submitted,

                        KATRINA PATRICK
                        State Bar No. 00797218
                        ND: licensed
                        5177 Richmond Ave., Suite 1275
                        Houston, Texas 77056
                        Telephone: (713) 796-8218
                        Facsimile: (713) 960-0555

                        ATTORNEY FOR PLAINTIFF
                        FONDA DUSE