

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FONDA DUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 3-02CV-1023 H |
| | § | |
| CENTER OPERATING COMPANY, | § | |
| L.P., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Center Operating Company, L.P. ("COC") files this Original Answer to Plaintiff's Original Complaint, and would show the Court as follows:

### A.    DEFENDANT'S ORIGINAL ANSWER

COC responds to the correspondingly numbered paragraphs in Plaintiff's Original Complaint as follows:

### I.    Jurisdiction Parties and Venue

1.    COC admits this Court has jurisdiction over the causes of action alleged by Plaintiff. However, COC denies violating Title VII or any of the common law causes of action asserted in Plaintiff's Original Complaint.

2.    Defendant admits that Fonda Duse ("Duse") is a black female and, during the relevant times, was an employee within the meaning of Title VII. Defendant further admits that it is located in Dallas, Dallas County, Texas and is conducting business in the State of Texas. Defendant also admits that, during all times relevant to the causes of action, it continuously employed more than 15 employees. Defendant does not dispute service in this matter.

DEFENDANT'S ORIGINAL ANSWER – PAGE 1

DALLAS:98674.1 044510.1002

4

Defendant is without knowledge or information sufficient to admit or deny Plaintiff's residencey. Defendant denies all remaining allegations in Paragraph 2 of Plaintiff's Original Complaint.

3.      Defendant admits the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4.      Defendant does not dispute that venue is appropriate in this Court. However, COC denies undertaking any unlawful conduct as alleged in Paragraph 4 of Plaintiff's Original Complaint.

## II.      Exhaustion of Administrative Remedies

5.      Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Original Complaint, but denies undertaking any unlawful conduct and denies violating Title VII. Defendant further denies that Plaintiff engaged in any protected activity as defined by Title VII.

6.      Defendant admits that Plaintiff has exhausted her administrative remedies to the extent of those claims alleged in the EEOC charge attached to Plaintiff's Original Complaint.

## III.      Factual Background

7.      Defendant admits the allegations in Paragraph 7 of Plaintiff's Original Complaint.

8.      Defendant denies the allegations in Paragraph 8 of Plaintiff's Original Complaint.

9.      Defendant denies the allegations in Paragraph 9 of Plaintiff's Original Complaint.

10.     Defendant denies the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11.     Defendant denies the allegations in Paragraph 11 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

12.     Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff was subjected to several instances of lewd gestures and comments of a sexual

**DEFENDANT'S ORIGINAL ANSWER – PAGE 2**

nature. Defendant denies all remaining allegations in Paragraph 12 of Plaintiff's Original Complaint.

13.     Defendant admits that on March 4, 2001, Plaintiff complained to Executive Vice President Craig Courson of certain conduct. Defendant denies all remaining allegations in Paragraph 13 of Plaintiff's Original Complaint.

14.     Defendant admits that Plaintiff was terminated on March 8, 2001. However, Defendant denies any implication that Plaintiff's termination was the result of any alleged complaint.

15.     Defendant denies the allegations in Paragraph 15 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

## IV.     Causes of Action

### A.     Race Discrimination

16.     Defendant realleges and incorporates herein its responses to all preceding paragraphs to Plaintiff's Original Complaint.

17.     Defendant denies the allegations in Paragraph 17 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII.

18.     Defendant denies the allegations in Paragraph 18 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

19.     Defendant denies the allegations in Paragraph 19 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII as alleged.

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

21.     Defendant denies the allegations in Paragraph 21 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct, and denies that Plaintiff is entitled to the relief sought in this paragraph.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII. Defendant further denies that Plaintiff is entitled to any of the relief she seeks in Paragraph 22 of her Original Complaint.

**B.      Sex Discrimination**

23.     Defendant realleges and incorporates herein its responses to all preceding paragraphs of Plaintiff's Original Complaint.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII.

30.     Defendant denies the allegations in Paragraph 30 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

31.     Defendant denies the allegations in Paragraph 31 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII. Defendant further denies that Plaintiff is entitled to the relief she seeks in this paragraph.

32.     Defendant denies the allegations in Paragraph 32 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

**C.      Section 1981 Violations**

33.     Defendant realleges and incorporates herein its responses to all preceding paragraphs of Plaintiff's Original Complaint.

34.     Defendant denies the allegations in Paragraph 34 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating 42 U.S.C. § 1981.

35.     Defendant denies the allegations in Paragraph 35 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

36.     Defendant denies the allegations in Paragraph 36 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Original Complaint and denies Plaintiff is entitled to the relief she seeks in this paragraph .

**D.      Retaliation**

38.     Defendant realleges and incorporates herein its responses to all preceding paragraphs of Plaintiff's Original Complaint.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII or § 1981.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Original Complaint, denies violating Title VII or § 1981 and denies Plaintiff is entitled to the relief she seeks in this paragraph.

**E.     Negligent Retention and Negligent Supervision**

43.     Defendant realleges and incorporates herein its responses to all preceding paragraphs in Plaintiff's Original Complaint.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating Title VII.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

46.     Defendant objects to the allegations in Paragraph 46 of Plaintiff's Original Complaint as vague, ambiguous and superfluous.  Based on the foregoing objections, Defendant denies the allegations in this paragraph.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

48.     Defendant denies the allegations in Paragraph 48 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

49.     Defendant denies the allegations in Paragraph 49 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

50.     Defendant denies the allegations in Paragraph 50 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

51.     Defendant denies the allegations in Paragraph 51 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct. Defendant admits only that it has the ability and authority to supervise, regulate and discipline its employees.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

53.     Defendant denies the allegations in Paragraph 53 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

54.     Defendant denies the allegations in Paragraph 54 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

55.     Defendant denies the allegations in Paragraph 55 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiff's Original Complaint and denies undertaking any unlawful conduct.

## V.     Jury Demand

57.     Plaintiff's request for a jury in this matter need not be admitted or denied by Defendant.

## VI.    Damages

58.    Defendant denies the allegations in Paragraph 58 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

59.    Defendant denies the allegations in Paragraph 59 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

60.    Defendant denies the allegations in Paragraph 60 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

61.    Defendant denies the allegations in Paragraph 61 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

## VII.    Prayer

62.    Defendant denies committing any unlawful conduct and denies that Plaintiff is entitled to any of the relief she seeks in her prayer, specifically those items enumerated (a) through (i).

## B.    GENERAL DENIAL

63.    Any allegations not specifically admitted, explained, modified or denied above are here and now denied.

## C.   AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing, and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by her, and in the alternative where necessary, Defendant would show the following:

64.   COC never discriminated or retaliated against Plaintiff based on her race or any alleged protected conduct.   All decisions made with respect to Plaintiff, if any, were for legitimate, nondiscriminatory reasons.

65.   Plaintiff has failed to act reasonably to mitigate some or all of her damages asserted in this cause of action.

66.   Pursuant to *Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999), COC cannot be held vicariously liable for punitive damages based on discriminatory employment decisions of managerial agents as any allegedly unlawful decisions are contrary to Defendant's good faith efforts, instructions and publications to comply with Title VII.

67.   Plaintiff's claims based on negligence are preempted under the Workers' Compensation Act as COC subscribes to the workers' compensation system, and are preempted by Title VII and § 1981.

68.   COC acted reasonably to prevent and/or correct any harassing behavior as alleged by Plaintiff herein, and Plaintiff failed to act reasonably and avail herself of these measures.

69.   Defendant is entitled to application of all applicable damage limitations, including those specifically enumered in 42 U.S.C. § 1981a(b)(3), and Texas Civil Practice and Remedies Code § 41.008.

70.   To the extent Plaintiff's allegations are intended to or have the effect of using a governmental entity to suppress any individual person or entity's right to engage in protected

**DEFENDANT'S ORIGINAL ANSWER – PAGE 9**

speech under the First Amendment, Plaintiff's requested relief is unconstitutional under the United States Constitution.

Defendant Center Operating Center, L.P. respectfully requests that Plaintiff's Original Complaint be dismissed, that Plaintiff take nothing by this suit, that Defendant recover its reasonable attorneys' fees, expenses and all costs of court, and that Defendant be awarded such other and further relief to which it may be justly entitled.

Respectfully submitted,

M. Scott McDonald
Texas State Bar No.13555505
Ellen L. Perlioni
Texas State Bar No. 00794155
Brian D. Johnston
Texas State Bar No. 24032471

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue, Suite 2600
LockBox 116
Dallas, Texas 75201.2931
214.880.8100
214.880.0181 (Fax)

ATTORNEYS FOR DEFENDANT
CENTER OPERATING COMPANY, L.P.

**DEFENDANT'S ORIGINAL ANSWER – PAGE 10**

## CERTIFICATE OF SERVICE

I hereby certify that on the _29th_ day of _July_ , 2002, a true and correct copy of the foregoing was forwarded to Plaintiff's counsel as addressed below, via certified mail, return receipt requested.

Katrina Patrick
5177 Richmond Avenue
Suite 1275
Houston, TX  77056

_____
M. Scott McDonald
Ellen L. Perlioni
Brian D. Johnston

**DEFENDANT'S ORIGINAL ANSWER – PAGE 11**