

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 19 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| FONDA DUSE, § § § Plaintiff, § § vs. § CENTER OPERATING COMPANY, § L.P., § § Defendant. § | C.A. NO. 3-02CV-1023 H |

## JOINT STATUS REPORT

Plaintiff Fonda Duse and Defendant Center Operating Company, L.P. respectfully submit this Joint Status Report in accordance with the Court's Scheduling Order dated July 29, 2002.

*(1)    A brief statement of the nature of the case, including the contentions of the parties.*

**Plaintiff's Contentions**

Plaintiff asserts that she and other employees were subjected to a hostile and offensive work environment, which consisted of humiliation and differential treatment based on the terms and conditions of employment because of race and gender. Plaintiff also informed management on several occasions of incidents of sexual misconduct.

After openly opposing such treatment and informing management, plaintiff was singled out for termination.

**Defendant's Contentions**

COC manages Reunion Arena and American Airlines Center. COC hired Ms. Duse as a Generalist in the Human Resources Department reporting to Colette Vallot, Director of Human Resources. Ms. Vallot is also an African-American female. Throughout her tenure, Ms. Duse showed hostility towards Ms. Vallot and was insubordinate. Ultimately, COC terminated Ms. Duse's employment because her acts of insubordination and her general bad attitude toward her supervisor made it impossible for Ms. Vallot and Ms. Duse to work together. Plaintiff's race was not a factor in COC's decision to terminate her employment. Plaintiff never undertook protected conduct and COC never retaliated against Plaintiff.

*(2)*   *Any challenge to jurisdiction or venue.*

None.

*(3)*   *Any pending or contemplated motions and proposed time limits for filing.*

**Plaintiff**

None.

**Defendant**

Defendant anticipates filing a Motion for Summary Judgment of all claims pending before this court. Defendant requests the Court to schedule the deadline for dispositive motions 30 days after the close of discovery.

*(4)*   *Any matters which require a conference with the Court.*

None at this time.

*(5)*   *Likelihood that other parties will be joined.*

None.

*(6)*   *Estimate time needed for discovery. Discovery may not commence until the joint status report is filed except by leave of court or agreement of the parties.*

The parties anticipate needing eight to nine months to complete discovery. *See* proposed schedule below.

*(7)*   *Whether a conference to develop a discovery schedule should be set by the Court. Counsel may propose a discovery schedule in the joint status report.*

The parties do not believe a discovery conference is necessary in this case.

<u>Proposed Schedule:</u>

| | |
|---|---|
| Plaintiff's Experts With Reports | October 13, 2002 |
| Defendant's Experts With Reports | November 15, 2002 |

**JOINT STATUS REPORT – PAGE 2**

DALLAS:99860.1 044510.1002

| | |
|---|---|
| Discovery Deadline | April 30, 2003 |
| Dispositive Motions | May 30, 2003 |

*(8)* ***That counsel have read Dondi, 121 F.R.D. 284 (N.D. Tex. 1998).***

The parties understand their responsibilities and will conduct this litigation according to *Dondi*.

*(9)* ***That counsel have read and are familiar with this District's Civil Justice Expense and Delay Reduction Plan, effective July 1, 1993.***

Counsel for both parties certify that they have read and are familiar with this District's Civil Justice Expense and Delay Reduction Plan, effective July 1, 1993.

*(10)* ***Requested trial date, estimated length of trial, and whether jury has been demanded.***

The parties request trial in August or September of 2003. The parties estimate the trial will take two to three days. A jury has been timely requested.

*(11)* ***Whether the parties will consent to trial (jury or non-jury) before United States Magistrate Judge Jeff Kaplan. (NOTE: Before responding to this question, counsel are directed to carefully review the provisions of 28 U.S.C.A. § 636(c). Judge Kaplan can usually provide a specific trial date.)***

The parties do not jointly agree to proceed before the Magistrate.

*(12)* ***Whether the parties will agree to mediation to resolve this litigation. Counsel must certify that they have reviewed the option of early mediation with their clients. Counsel may select the mediator.***

Counsel for both parties certify they have reviewed the option of early mediation with their clients.

**Plaintiff:**

Plaintiff is not opposed to mediating this case.

**Defendant:**

**JOINT STATUS REPORT – PAGE 3**

DALLAS:99860.1 044510.1002

It is too early for Defendant to determine whether mediation would be useful. If the Court determines to order the parties to mediate this case, Defendant requests sufficient time to conduct discovery into Plaintiff's claims and alleged damages prior to the mediation.

*(13)* *Status of settlement negotiations, and whether a settlement conference should be scheduled by the Court.*

The parties have not engaged in settlement negotiations to date.

*(14)* *Any other matters relevant to the status and disposition of this case.*

None at this time.

Respectfully submitted,

_Katrina Patrick, by permission Ellen Perlioni_
Katrina Patrick
Texas State Bar No. 00797219
5177 Richmond Ave., Suite 1275
Houston, TX 77056
713.796.8218
713.960.0555

ATTORNEY FOR PLAINTIFF
FONDA DUSE

_Ellen L. Perlioni_
M. Scott McDonald
Texas State Bar No. 13555505
Ellen L. Perlioni
Texas State Bar No. 00794155
Brian D. Johnston
Texas State Bar No. 24032471

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue, Suite 2600
LockBox 116
Dallas, Texas 75201.2931
214.880.8100
214.880.0181 (Fax)

ATTORNEYS FOR DEFENDANT
CENTER OPERATING COMPANY, L.P.